IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., | No. C-12-4539 MMC |
| Plaintiff, | **ORDER DIRECTING DEFENDANT TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |
| v. | |
| JULIO LOPEZ, | |
| Defendant. / | |

    Before the Court is defendant Julio Lopez's ("Lopez") Notice of Removal, filed August 29, 2012, in which Lopez asserts the Court has diversity jurisdiction over plaintiff Wells Fargo Bank, N.A.'s "Complaint [for] Unlawful Detainer." Having read and considered the notice of removal and the complaint, the Court will direct Lopez to show cause why the action should not be remanded for lack of subject matter jurisdiction.

    A district court has diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States." See 28 U.S.C. § 1332(a). A district court must remand a removed case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." See 28 U.S.C. § 1447(c).

    Lopez has the burden to establish the Court has jurisdiction over the complaint. See Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir.

1997).  In that respect, Lopez has failed to allege, let alone meet his burden to establish, that the amount in controversy exceeds $75,000.  Moreover, it is readily apparent from the face of the complaint that the amount in controversy does not exceed the sum of $75,000.  See Abrego v. The Dow Chemical Co., 443 F.3d 676, 690 (9th Cir. 2006) (holding district court, for purpose of determining jurisdiction, should examine whether it is "facially apparent" from complaint that amount in controversy does not exceed sum of $75,000).  On its face, the complaint seeks damages of $50 per day, accruing as of February 17, 2012 (see Compl. ¶¶ 11, 17.f), for a total that "does not exceed $10,000" (see Compl. at 1).

     Consequently, it appears the Court lacks subject matter jurisdiction over the complaint.  See Singer, 116 F.3d at 376 (9th Cir.1997) (holding where "plaintiff does not claim damages in excess of [$75,000] and the defendant offers no facts whatsoever to show that the amount in controversy exceeds [$75,000], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied").

     Accordingly, Lopez is hereby ORDERED TO SHOW CAUSE, in writing and no later than October 5, 2012, why the instant complaint should not be REMANDED to the Superior Court of the State of California, in and for the County of Alameda.

**IT IS SO ORDERED.**

Dated:  September 19, 2012

MAXINE M. CHESNEY  
United States District Judge