United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>    Plaintiff,<br><br>  v.<br><br>JULIO LOPEZ,<br><br>    Defendant.<br>_____ / | No. C-12-4539 MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; REMANDING COMPLAINT; GRANTING DEFENDANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS; VACATING NOVEMBER 9, 2012 HEARING** |

    On August 29, 2012, defendant Julio Lopez removed the above-titled action, asserting in his notice of removal that the district court has diversity jurisdiction over plaintiff's Wells Fargo Bank, N.A.'s complaint.[1]

    Now before the Court is plaintiff's "Motion for Order Remanding this Case to the State Court," filed October 4, 2012. Defendant Julio Lopez has not filed opposition. Having read and considered the papers filed in support of the motion, the Court deems the motion suitable for decision on the moving papers, VACATES the hearing scheduled for November 9, 2012, and hereby GRANTS the motion for the reasons stated by plaintiff. Specifically, as plaintiff has shown, defendant, a California citizen, may not remove the complaint on grounds of diversity, see 28 U.S.C. § 1441(b)(2), and, moreover, the notice of

---

[1] Because it appears defendant lacks the ability to pay the filing fee, defendant's application to proceed in forma pauperis is hereby GRANTED.

1 removal was untimely, see 28 U.S.C. § 1446(b)(1).

2      Additionally, by order filed September 19, 2012, the Court directed defendant to
3 show cause, in writing and no later than October 5, 2012, why the complaint should not be
4 remanded for lack of subject matter jurisdiction, and, in particular, for the reason that
5 defendant had not established the amount in controversy exceeded the sum of $75,000.
6 See 28 U.S.C. §§ 1332(a), 1447(c).  Defendant failed to respond to the Court's order.
7 Consequently, the Court finds, for the reasons stated in its order of September 19, 2012,
8 that, in addition to the removal being procedurally improper for the reasons stated by
9 plaintiff, remand is appropriate because the Court lacks subject matter jurisdiction over
10 plaintiff's complaint.

11      Accordingly, the instant action is hereby REMANDED to the Superior Court of
12 California, in and for the County of Alameda.

13      **IT IS SO ORDERED.**

15 Dated:  October 29, 2012

                                                MAXINE M. CHESNEY
                                                United States District Judge